IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KASARANDA JONES                                                                          PLAINTIFF

vs.                                        Civil No. 2:10-cv-02115

MICHAEL J. ASTRUE                                                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

    Kasaranda Jones ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

    Plaintiff protectively filed applications for DIB and SSI on April 27, 2007. (Tr. 123-127). Plaintiff alleged she was disabled due to depression, back pain, fatigue, arthritis, and anxiety. (Tr. 146). Plaintiff alleged an onset date of May 17, 2006. (Tr. 146). These applications were denied initially and again upon reconsideration. (Tr. 83-89, 91-94). Thereafter, Plaintiff requested an

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

administrative hearing on her applications, and this hearing request was granted. (Tr. 95).

Plaintiff's administrative hearing was held on December 4, 2008, in Fort Smith, Arkansas. (Tr. 25-66). Plaintiff was present and was represented by counsel, Stephanie Mays, at this hearing. *Id.* Plaintiff, her witness Crystal Alegra, and Vocational Expert ("VE") Sarah Moore, testified at this hearing. *Id.* At the time of this hearing, Plaintiff was twenty-five (25) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education. (Tr. 29, 32).

On July 1, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 74-82). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2009. (Tr. 76, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 17, 2006, her alleged onset date. (Tr. 76, Finding 2).

The ALJ determined Plaintiff had the severe impairments of depression, anxiety disorder, pain disorder, pseudo-seizures, obesity, spondylolisthesis, and degenerative disc disease at L5-S1. (Tr. 76, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 77, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 78-80, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the following RFC:

> The claimant has the residual functional capacity to lift and carry twenty pounds occasionally and ten pounds frequently. The claimant can sit for about six hours

2

> during an eight-hour workday and stand and walk for about six hours during a light-hour workday. The claimant can occasionally stoop, climb, balance, kneel, crouch, and crawl. The claimant is to avoid concentrated exposures to hazards, such as unprotected heights and heavy machinery. The claimant can perform unskilled work where interpersonal contact is incidental to work performed, but have no contact with the general public.

(Tr. 78, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr.80, Finding 6). The ALJ determined Plaintiff's PRW included work as a fast food cook/sandwich maker, cashier/grocery checker and cashier II. (Tr. 80). Based upon her RFC, the ALJ determined Plaintiff would be unable to perform this PRW. *Id.*

The ALJ did, however, find Plaintiff retained the ability to perform other work existing in significant numbers in the national economy. (Tr. 81, Finding 10). The ALJ based this finding upon the testimony of the VE. *Id.* Specifically, the VE testified in response to a question from the ALJ that a hypothetical individual with Plaintiff's limitations retained the ability to perform work as a small products assembler with approximately 900 such jobs in Arkansas and 74,000 in the national economy, housekeeper with approximately 1,900 such jobs in Arkansas and 206,000 in the national economy, and machine tender with approximately 1,500 such jobs in Arkansas and 119,000 in the national economy. *Id.* The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from May 17, 2006 through the date of his decision. (Tr. 82, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 7). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On August 4, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 12, 2010. ECF No.

5. Both Parties have filed appeal briefs. ECF Nos. 9-10. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 9 at 12-14. Specifically, Plaintiff claims the ALJ erred in evaluating her RFC. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 10.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work with limitations. These limitations included can occasionally stoop, climb, balance, kneel, crouch, and crawl and is to avoid concentrated exposures to hazards, such as unprotected heights and heavy machinery. The ALJ also found Plaintiff could perform unskilled work where interpersonal contact is incidental to work performed, but have no contact with the general public. (Tr. 78, Finding 5).

The medical evidence in this matter supports the ALJ's RFC determination. On June 27, 2005, Plaintiff had an MRI examination. (Tr. 256). This showed degenerative change at the level of L5-S1 with no herniation. *Id.* Less than one year later, on May 11, 2006, Plaintiff was seen at Sparks Regional Medical Center complaining of back pain after being involved in a motor vehicle accident. (Tr. 249). Plaintiff underwent a radiological examination of her spine which showed normal alignment and space height, with no evidence of fracture or subluxation of her cervical spine. The exam also showed disc degenerative changes and a grade II spondylolisthesis at L5-S1, with the remainder of her lumbar spaces being unremarkable. (Tr. 254-255). Plaintiff was diagnosed a cervical and lumbar strain and discharged without restrictions. (Tr. 251).

On June 9, 2006 Plaintiff obtained a second MRI. (Tr. 308, 311). The results, when compared to her previous MRI, showed her lumbar spine to be stable and unchanged. *Id.* Additionally, the MRI showed no disc herniations or signal abnormality. *Id.* Following this, Plaintiff was seen at the River Valley Rehab Center on the referral of Dr. Thomas Cheyne. (Tr. 308). At this exam, Plaintiff had normal trunk range of motion with the exception of flexion, which was limited 50% based on complaints of pain. *Id.* It was also reported Plaintiff was able to heel/tow walk without difficulty. *Id*.

Additional support of Plaintiff's RFC is found in the Physical RFC Assessment performed by Dr. Jerry Mann on January 22, 2008. (Tr. 350-357). Dr. Mann found Plaintiff had the RFC to lift or carry twenty pounds occasionally and ten pounds frequently; to stand or walk for a total of six hours in an eight-hour workday; to sit for about six hours in an eight-hour workday; and to push and pull without limitations. (Tr. 351). Dr. Mann also

found Plaintiff had postural limitations and was limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling. (Tr. 352).

A second Physical RFC Assessment of Plaintiff was done on April 25, 2008 by Dr. Rebecca Floyd. (Tr. 418-421). Dr. Floyd stated Plaintiff's exam showed a full range of motion of her elbows, wrists, hands, hips, knees, ankles, cervical spine, and lumbar spine. (Tr. 420). Plaintiff also had a negative straight-leg raising, normal reflexes, normal gait and coordination, no muscle weakness, and normal muscle strength (5/5), with no atrophy of her arms or legs. (Tr. 419). Dr. Floyd diagnosed Plaintiff with low back pain and indicated Plaintiff had no physical limitations. (Tr. 420-421). These findings, along with the findings of Dr. Mann, support the ALJ's RFC assessment.

The medical evidence also supports the ALJ's Mental RFC Assessment of Plaintiff. On May 29, 2007, Plaintiff underwent a diagnostic interview at the Western Arkansas Counseling and Guidance Center. (Tr. 362-366). Plaintiff stated she was attempting to acquire disability due to back problems and was diagnosed with pseudo-seizures as a result of excessive anxiety. (Tr. 364). Plaintiff indicated, however, her anxiety was under control and was no longer an issue. (Tr. 366). Plaintiff was diagnosed with major depressive disorder and her prognosis with treatment was good. (Tr. 366).

On June 1, 2007, psychiatrist Dr. Jaymal Patel indicated Plaintiff had a history of recurrent intermittent, moderate to severe degree of depression. (Tr. 367). Dr. Patel diagnosed Plaintiff with major depressive disorder, severe without psychosis, and ruled out post-traumatic stress disorder. (Tr. 368). Dr. Patel prescribed medications and cautioned Plaintiff to be careful with activities that included operating machines or requiring mental alertness due to medication side-effects. (Tr. 369).

Additional support of Plaintiff's RFC is found in the Mental Diagnostic Evaluation performed by Dr. Kathleen Kralik on January 10, 2008. (Tr. 323-329). Dr. Kralik diagnosed Plaintiff with anxiety disorder, pain disorder, and cannabis abuse. (Tr. 326). According to Dr. Kralik, Plaintiff was fully oriented to person, place, time, and purpose. Furthermore, her capacity to perform daily living and daily adaptive functioning was estimated to be somewhat impaired for occupational purposes and her capacity to communicate in an intelligible and effective manner was estimated to be adequate for occupational purposes. (Tr. 327). Dr. Kralik also found Plaintiff's ability to sustain concentration on basic tasks adequate for occupational purpose, and her capacity to sustain persistence in completing tasks somewhat impaired for occupational purposes. Finally, Dr. Kralik found Plaintiff's capacity to complete work-like tasks, within an acceptable time frame, somewhat impaired for occupational purposes. (Tr. 327).

On January 22, 2008, Dr. Kay Cogbill, completed a Psychiatric Review Technique Form on Plaintiff. (Tr. 330-343). Dr. Cogbill assessed Plaintiff with affective disorder, anxiety-related disorder, somatoform disorder, and substance addiction disorder. (Tr. 330-338). Dr. Cogbill also completed a Mental Residual Functional Capacity Assessment of Plaintiff. (Tr. 346-348). In this assessment, Dr. Cogbill indicated Plaintiff was able to perform work where interpersonal contact is incidental to work performed; complexity of tasks is learned and performed by rote, few variables, little judgment; and supervision required is simple, direct, and concrete. (Tr. 348). These finding support the ALJ's RFC determination of Plaintiff.

Dr. Kralik conducted a second Mental Diagnostic Evaluation on Plaintiff on March 26, 2008. (Tr. 377-382). During this evaluation, Dr. Kralik diagnosed Plaintiff with

psychological factors affecting medical condition, pain disorder, anxiety disorder, and depressive disorder. (Tr. 381). Dr. Kralik stated Plaintiff's capacity to perform daily living and daily adaptive functioning to be intermittently and sometimes significantly impaired for occupational purposes, and her capacity to communicate and interact in a socially adequate manner was adequate for occupational purposes. (Tr. 381). Additionally, Dr. Kralik found Plaintiff's capacity to communicate in an intelligible and effective manner and her ability to attend and sustain concentration on basic tasks to be adequate for occupational purposes. (Tr. 381-382).

On April 7, 2008, Dr. Brad F. Williams, completed a Psychiatric Review Technique Form on Plaintff. (Tr. 383-396). Dr. Williams assessed Plaintiff with affective disorder, anxiety related disorder, and somatoform disorder. (Tr. 383-392). Dr. Williams also completed a Mental Residual Functional Capacity Assessment of Plaintiff. (Tr. 413-415). Dr. Williams stated Plaintiff was able to perform work where interpersonal contact is incidental to work performed; complexity of tasks is learned and performed by rote, few variables, little judgment; and supervision required is simple, direct, and concrete. (Tr. 415).

Plaintiff has the burden of establishing his claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

      **ENTERED** this **22nd day of August, 2011.**

                                              /s/   Barry A. Bryant
                                              HON. BARRY A. BRYANT
                                              U.S. MAGISTRATE JUDGE